FORMER EMPLOYEES OF JOHNSON CONTROLS, INC., AUTOMOTIVE SYSTEM
GROUP, PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 91–10–00764

(Decided July 17, 1992)

*George W. Wingerd*, *pro se* for plaintiffs.
*Stuart M. Gerson*, Assistant Attorney General, *David M. Cohen*, Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice, (*Vanessa P. Sciarra*), *Gary
Bernstecker*, U.S. Department of Labor, of counsel, for defendant.

## MEMORANDUM OPINION

DICARLO, *Chief Judge*: Plaintiffs, former employees of Johnson Controls, Inc., Automotive Systems Group, challenge the Department of Labor's denial of certification for trade adjustment assistance benefits under 19 U.S.C. § 2273 (1988). *See Johnson Controls, Inc. Automotive Systems Group, Eligibility to Apply for Worker Adjustment Assistance*, 56 Fed. Reg. 37,725 (1991) (neg. determination). The court has jurisdiction pursuant to 19 U.S.C. § 2395 (1988) and 28 U.S.C. § 1581(d)(1) (1988). The court holds that Labor's denial of the certification for trade adjustment assistance is supported by substantial evidence.

Plaintiffs produced metal back and seat frame prototypes for automotive seating at Automotive Systems Group, in Adrian, Michigan. Their petition for trade adjustment assistance was denied because Labor found that neither the company nor its parent company imported such prototypes. In addition, the prototype production was consolidated into other facilities due to economic conditions within the automotive industry and customer pressure to produce prototype parts using production processes which were not available at Adrian. After the denial of plaintiffs' request for administrative reconsideration, 56 Fed. Reg. 48,585 (1991), George Wingerd filed a letter with this court requesting a judicial review, which the Clerk of the Court deemed a summons and complaint. After this action was commenced, plaintiffs obtained counsel who withdrew from the case, and Mr. Wingerd appears *pro se.*

To qualify for trade adjustment assistance, a petitioning worker must prove, among other things:

> that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof contributed importantly to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272(a)(3) (1988). "To qualify for benefits, the statute requires a causal nexus between increased import penetration and the workers'[ ] separation. A causal nexus exists where there is a direct and substantial relationship between increased imports and a decline in sales and production." *Former Employees of Health-Tex, Inc. v. United States Secretary of Labor*, 14 CIT 580, Slip Op. 90–80, at 2 (CIT, August 27, 1990) (citations omitted).

Labor's determination that the causation requirement was not satisfied is supported by substantial evidence. In the questionnaire response, the company stated neither it nor its parent company imported any prototypes of automotive seating and has no plan for importation in the future. C.R. 20. It also stated that the plant closure was the result of a business decision to consolidate production of metal seat back prototypes into the plants where complete automotive seats are mass-produced. C.R. 22. This reason was confirmed by Labor in a telephone conversation with a personnel manager of the company after the petitioners requested administrative reconsideration. C.R. 39. The record further indicates the company's Division Manager of Employee Relations also gave the same reason to a local newspaper when the company announced the closure of the Adrian plant. R. 3. Since Labor's determination is supported by substantial evidence, the court affirms Labor's denial for certification of trade adjustment assistance.

Mr. Wingerd challenges Labor's finding by stating in his reply brief that UAW advised him the production of prototypes has not been transferred to Vincennes, Indiana, one of the locations where the company stated it would be transferred. However, in the absence of importation of the product, R. 9 & C.R. 20, plaintiff has no basis to assert that the closure of the Adrian plant was a result of the increased imports. Mr. Wingerd's allegation does not provide sufficient basis to require a remand to Labor.

Plaintiffs also allege that the impact of the increase of imported cars should have been examined by Labor in its determination. However, as Mr. Wingerd concedes in his brief the precedent clearly states that "a component, which is adversely impacted by increased imports of a finished article incorporating that component, cannot be like or directly competitive with the finished product." *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, UAW, Local 834 v. Donovan*, 8 CIT 13, 20, 592 F. Supp. 673, 678 (1984). Here, the merchandise plaintiffs produced were not components, but prototypes of components. Increases in the importation of finished cars would not provide the basis for trade adjustment assistance to plaintiffs.

This action is dismissed.